OPINION OF THE COURT
Per Curiam.
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated March 29, 2011, containing six charges of professional misconduct. Following a hearing, the Special Referee sustained charges one through six. The Grievance Committee now moves to confirm the Special Referee’s report and to impose such discipline upon the respondent as this Court deems appropriate. The respondent cross-moves to disaffirm the Special Referee’s report. We find that the Special Referee properly sustained charges three through six, but should not have sustained charges one and two.
Charge three alleges that the respondent converted client funds and/or breached his fiduciary duty by failing to preserve client funds entrusted to him in violation of Code of Professional Responsibility DR 9-102 (a), (b) and (c) (22 NYCRR 1200.46 [a], [b], [c]), as follows:
In or about February 2005, the respondent was retained to represent the interests of Mohibur Rahman in a real estate transaction (hereinafter the Rahman transaction) in which Rah-man’s corporation was selling a restaurant. The respondent received funds in the sum of $30,000 as a down payment for the Rahman transaction. The down payment was deposited into the respondent’s IOLA account No. **0417, maintained at Green-point Bank, on February 18, 2005. The closing for the Rahman transaction occurred on March 22, 2005. The respondent disbursed the sum of $22,452.90 from his IOLA account at the closing, as directed by the parties.
*182 At the closing, an escrow agreement was entered into between the parties whereby the respondent would be entrusted with an additional $30,000 sum, payable by the purchaser towards the purchase price, pending the resolution of certain tax issues. Additionally, after all disbursements were remitted at the closing, there remained a balance of $7,547.10 in escrow funds from the original down payment, which was to remain in escrow.
The additional sum of $30,000 was to be paid in three installment payments. As for the first payment, the respondent received $10,000 from the purchaser, which was deposited into his IOLA account on May 9, 2005. As for the second payment, the respondent received $5,000 from the purchaser, which was deposited into his IOLA account on June 3, 2005. The respondent did not receive any further payments from the purchaser that were deposited into his IOLA account or otherwise negotiated.
The balance of funds, which the respondent was required to preserve in escrow after disbursements were remitted at closing and payments were received pursuant to the escrow agreement, was $22,547.10. The respondent did not preserve the funds in an escrow account. The respondent drew down the escrow funds entrusted to him by remitting numerous checks from his IOLA account, issued by him and payable to him.
Charge four alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by failing to preserve client funds entrusted to him in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual allegations of charge three.
Charge five alleges that the respondent failed to promptly pay or deliver to a client or third person, as requested by the client or third person, the funds, securities, or other properties in his possession, which the client or third person was entitled to receive, by failing, upon termination of his services, to deliver Rahman’s legal file, and the escrow funds that the respondent was required to preserve, to Rahman’s new counsel, in violation of Code of Professional Responsibility DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4]), based upon the factual allegations of charge three, as well as the following:
Rahman terminated the respondent’s services by letter dated August 23, 2006. He requested in this letter that the respondent forward all “accounts, and relating [sic] documents that you are currently holding as escrow agent and as attorney to *183 the office of Ashok K. Karmaker, Esq.” The respondent did not send the file, or the escrow funds, to Rahman’s new attorney, in accordance with this letter.
Rahman’s new attorney, Ashok K. Karmaker, requested the documents and accounts from the Rahman transaction by letter dated August 23, 2006. The respondent did not send the file, or the escrow funds, to Rahman’s new attorney in accordance with this letter.
Karmaker made an additional request for the documents and accounts from the Rahman transaction by letter dated November 21, 2006. The respondent did not send the file, or the escrow funds, to Karmaker in accordance with this letter.
Rahman commenced a lawsuit (Shamin Rahman Amara Corp. et. al. v Robert E. Semensohn, Sup Ct, New York County, index No. 116903/07 [hereinafter the lawsuit]) against the respondent to recover Rahman’s legal file and the escrow funds.
During a November 10, 2008, deposition of the respondent in the lawsuit, the respondent testified that he was holding the funds entrusted to him in the Rahman transaction in escrow, and he identified his escrow account as being maintained at Greenpoint Bank. At the time of the deposition, the respondent was not holding any of the funds entrusted to him in the Rah-man transaction in the respondent’s IOLA account which was maintained at Greenpoint Bank.
On March 5, 2009, the respondent’s wife transferred from her personal account the sum of $22,000 into his IOLA account maintained at Capital One (formerly Greenpoint Bank).
The respondent settled the lawsuit by remitting check No. 1558 in the sum of $22,547.10, dated March 5, 2009, payable to “Ashok K. Karmaker, As Attorney,” from his IOLA account.
Charge six alleges that the respondent engaged in conduct that adversely reflects on his fitness as a lawyer by failing to promptly pay or deliver to a client or third person, as requested by the client or third person, the funds, securities, or other properties in his possession, which the client or third person was entitled to receive, by failing, upon termination of his services, to deliver Rahman’s legal file, and the escrow funds which the respondent was required to be preserving, to Rahman’s new counsel, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based upon the factual allegations of charge five.
Based upon the evidence adduced, we find that charges three through six were properly sustained by the Special Referee. *184 However, we find that charges one and two should not have been sustained, as the evidence did not support the Special Referee’s findings with respect to those charges. Accordingly, the Grievance Committee’s motion to confirm the Special Referee’s report is granted with respect to charges three through six and denied with respect to charges one and two, and the respondent’s cross motion to disaffirm the Special Referee’s report is granted with respect to charges one and two and denied with respect to charges three through six.
In determining an appropriate measure of discipline to impose, we note that the respondent repeatedly mishandled client funds from 2005 through at least 2009. The respondent testified in mitigation concerning his health problems. However, the Special Referee characterized the respondent’s explanation for his repeated mishandling of client funds as dubious. We agree. Moreover, the respondent has an extensive disciplinary history from 1989 through 2011, both predating and postdating the health problems about which he testified. The respondent’s disciplinary history is indicative of his improper business practices. However, this Court is mindful of the remoteness in time of much of the conduct for which the respondent has been disciplined.
Under the totality of the circumstances, the respondent is suspended from the practice of law for a period of two years.
Eng, P.J., Mastro, Rivera, Angiolillo and Leventhal, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted in part and denied in part; and it is further,
Ordered that the respondent’s cross motion to disaffirm the report is granted in part and denied in part; and it is further,
Ordered that the respondent, Robert E. Semensohn, is suspended from the practice of law for a period of two years, commencing November 15, 2013, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than May 15, 2015. In such application, the respondent shall furnish satisfactory proof that during said period he: (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal educa *185 tion requirements of 22 NYCRR 691.11 (c) (2), and (4) otherwise properly conducted himself; and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Robert E. Semensohn, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
Ordered that if the respondent, Robert E. Semensohn, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).